UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| ONE HUNDRED FORTY-FIVE THOUSAND AND TWENTY DOLLARS IN U.S. CURRENCY ($145,020), | ) ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT OF FORFEITURE

The United States of America for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1.  This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned Defendant Property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2.  The Defendant Property is described more fully as $145,020 in U.S. currency. Law enforcement seized the Defendant Property on or about April 26, 2022 within the Eastern District of Missouri.

### JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4.  Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of

1

Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the Defendant Property was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(4) authorizes the civil forfeiture of "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)."

6. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

7. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or any property traceable to such property, is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

1. On or about April 26, 2022, DEA agents in St. Louis learned about a contract offered by a money launderer for someone to receive approximately $145,000 in U.S. currency from an individual(s) in St. Louis, Missouri. The funds were believed to derive from drug trafficking and destined for Mexican-based drug suppliers.

2. On or about April 26, 2022, a DEA agent, acting in an undercover capacity,

provided a DEA undercover phone number a picture of a $1.00 bill. The photograph was forwarded to the money launderer offering the contract to confirm the contract's acceptance.

3. Upon information and belief, upon receipt of the photograph, the money launderer would then provide the photograph of the $1.00 bill to the individual(s) in St. Louis delivering the $145,000. Upon meeting with the individual(s) delivering the money, the undercover agent would show the individual(s) the $1.00 who could then compare the serial number of the presented bill to that of the bill in the photograph, thereby ensuring the money is delivered to the proper person.

4. On or about the morning of April 26, 2022, the undercover agent received a phone call from (323) 302-7262. The male caller stated he was in St. Louis and had $145,000 to be delivered. The male caller also confirmed the serial number on the $1.00. The delivery was set for a gas station on Hampton Avenue in the city of St. Louis at 2:30 p.m. that afternoon.

5. Around 2:00 p.m., DEA established surveillance at the designated gas station. Meanwhile, the undercover agent and the male using (323) 302-7262 exchanged text messages regarding the meeting. During one text exchange, the male using (323) 302-7262 stated he was in a "Black 300."

6. At approximately 3:00 p.m., the male called the undercover agent from (323) 302-7262 indicating he was at Menard's. A few minutes later, the undercover agent received another call from the male, this time with another male in the background, wherein they stated they were at the Menard's located at 1700 S Hanley Road in St. Louis. After the call, the undercover agent received a text message from (323) 302-7262 stating "1700 S Hanley rd Saint Louis mo 63144."

7. Shortly thereafter, investigators arrived in the area of the Menards and searched the parking lot for a black Chrysler 300. Investigators observed a black Chrysler 200 with two men inside and began surveillance of the vehicle. Investigators then observed the Chrysler 200 move

from the parking lot of the Menard's to the parking lot of a nearby Andy's Frozen Custard. The vehicle remained parked at the Andy's until the undercover agent called (323) 302-7262 and told the male to meet at the Galleria Mall located a short distance away. At the same time as that call, investigators observed the black Chrysler 200 leave the Andy's parking lot and move in the direction of the Galleria Mall.

8. At that point, investigators conducted at traffic stop of the Chrysler 200. Investigators identified the driver as Ronald WELCH and the passenger as Paul GARCIA.

9. During the stop, investigators conducted a search of the vehicle. In the vehicle, investigators discovered a black bag that contained two cardboard boxes holding the Defendant Property. The Defendant property was rubber-banded together and came in a variety of smaller denominations, primarily $20 bills.

10. Based on the training and experience of the investigators, the method of packaging, primary denomination, and rubber-banded stacks indicate money derived from drug trafficking.

11. Both WELCH and GARCIA disclaimed ownership of the Defendant Property at the scene. Nor did either WELCH or GARCIA claim to know the actual owner of the Defendant Property.

12. No individual or vehicle ever met the undercover agent at the Galleria as agreed, despite the agent's continued text messages to (323) 302-7262. Indeed, during the traffic stop of WELCH and GARCIA, the undercover agent's text messages to (323) 302-7262 went unanswered.

13. WELCH has prior arrests and convictions related to narcotics possession and distribution.

## COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(4) & (6)

14. The United States incorporates by reference the allegations set forth in Paragraphs

4

1 to 13 above as if fully set forth herein.

15. The Defendant Property is bulk U.S. currency discovered by law enforcement officers in a manner consistent with drug trafficking.

16. As such, the Defendant Property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as a thing of value furnished or intended to be furnished, in exchange for a controlled substance, or as proceeds traceable to such an exchange and as money to be used to facilitate a violation of the Controlled Substances Act..

## COUNT TWO – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

17. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 13 above as if fully set forth herein.

18. The Defendant Property constitute proceeds of an unlawful activity involving controlled substances and was part of an attempted financial transaction in the Eastern District of Missouri with the intent to promote the carrying on of a specified unlawful activity and designed to conceal or disguise the nature, location, source, ownership or control of proceeds involved in a specified unlawful activity.

19. As such, the Defendant Property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956 and 1957, or as property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the Defendant Property and it be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be granted such

other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

          Respectfully submitted,

          SAYLER A. FLEMING
          United States Attorney

          */s/ Stephen Casey*
          STEPHEN CASEY, #58879MO
          Assistant United States Attorneys
          111 South 10th Street, Suite 20.333
          Saint Louis, Missouri 63102
          Telephone: (314) 539-2200

## **VERIFICATION**

    I, Amanda C. Joyce, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

    The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed on: __3/25/25__
                       (date)

_____
AMANDA C. JOYCE
Task Force Officer
Drug Enforcement Administration